**Kulwant KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70177.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 17, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Allen W. Hausman, Attorney, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Andrew M. Eschen, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Kulwant Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review credibility findings for substantial evidence. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). We deny the petition for review.

The IJ noted many inconsistent or confusing aspects of Kaur's testimony. For example, in her asylum application, Kaur stated that her father had been arrested three times, but she testified during her hearing that he had only been arrested twice. Kaur testified that her brother had disappeared on March 11, 1992, but she

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

could not explain how she knew the date of his disappearance and was unclear on how she came to learn that he had disappeared. Nor could Kaur name the faction her brother belonged to. Taken together, the inconsistencies are sufficiently material to permit an adverse credibility finding. *See id.* at 1152.

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.